UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

RACHEL M. MUSCOTT,

                Plaintiff,          Civil Action No.: 14-13890
                                  Honorable Nancy G. Edmunds
                v.             Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 16, 19]

      Plaintiff Rachel Muscott appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying her application

for Disability Insurance Benefits ("DIB") under the Social Security Act (the

"Act").  Both parties have filed summary judgment motions, referred to this

Court for a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B).  The Court finds that Muscott has not shown error requiring

remand under Sentence Four of the Act or satisfied the requirements for

remand under Sentence Six.  For these reasons, the Court

**RECOMMENDS** that:

- the Commissioner's motion **[R. 19]** be **GRANTED**;

- Muscott's motion **[R. 16]** be **DENIED**; and,

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    BACKGROUND

### A.    Claimant's Background and Claimed Disabilities

Muscott was a forty-two year old mother of three who had previously worked as an embroiderer, both in her own home and as an employee of another business.  She claims disability as a result of limitations on social interaction and concentration related to her diagnoses of bipolar disorder and anxiety.

### B.    Procedural History

Muscott filed an application for DIB, alleging disability as of July 1, 2005.  [R. 11-5, Tr. 189-95].  Her date last insured was December 1, 2010. [R. 11-2, Tr. 38].  Her claim was denied initially, and she filed a timely request for an administrative hearing, held on March 26, 2013, at which both she and a vocational expert ("VE") testified.  [R. 11-4, Tr. 137-41, 146-47; R. 11-2, Tr. 50-77].

The day prior to the hearing, Muscott's counsel sent additional records to the Administrative Law Judge ("ALJ") and apologized for their tardy submission, stating that his mother had recently suddenly died.  [R.

2

11-6, Tr. 279].  He also requested two weeks to obtain and submit additional treating records from Botsford Clinic, which the ALJ granted at the hearing.  [*Id.*; R. 11-2, Tr. 52].  On April 25, 2013, after having received no additional records despite counsel's representation, [R. 11-2, Tr. 44], the ALJ issued a written decision finding Muscott not disabled.  [*Id.*, Tr. 33-49].

Muscott subsequently obtained new counsel, who discovered that several records from Muscott's treating psychiatrist and therapist had not been submitted to the ALJ by prior counsel.  [*Id.*, Tr. 31, 78-84; R. 11-7, Tr. 374-75].  The new counsel also obtained additional records from these providers and a hospital record, some dated after the ALJ's decision.  [*Id.*, Tr. 8-14, 85-127; R. 11-7, Tr. 376-82].  The records were submitted and considered by the Appeals Council.  [R. 11-2, Tr. 1-7; R. 16, PgID 437].  Nevertheless, the Appeals Council denied review, finding that the new evidence related to a time after Muscott's date last insured, making them immaterial to the ALJ's decision.  [R. 11-2, Tr. 1-7].  The Appeals Council's denial rendered the ALJ's decision the final decision of the Commissioner for purposes of this review.  Muscott timely filed for judicial review.  [R. 1].

### C.    The ALJ's Application of the Disability Framework

DIB is available for those who have a "disability."  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  A "disability" is the "inability to

3

engage in any substantial gainful activity by reason of any medically
determinable physical or mental impairment which can be expected to
result in death or which has lasted or can be expected to last for a
continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),
1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by
analyzing five sequential steps.  First, if the applicant is "doing substantial
gainful activity," he or she will be found not disabled. 20 C.F.R. §
404.1520(a)(4); 20 C.F.R. § 416.920(a)(4).[1]  Second, if the claimant has
not had a severe impairment or a combination of such impairments[2] for a
continuous period of at least 12 months, no disability will be found.  *Id.*
Third, if the claimant's severe impairments meet or equal the criteria of an
impairment set forth in the Commissioner's Listing of Impairments, the
claimant will be found disabled.  *Id.*  If the fourth step is reached, the
Commissioner considers its assessment of the claimant's residual
functional capacity ("RFC"), and will find the claimant not disabled if he or
she can still do past relevant work.  *Id.*  At the final step, the Commissioner
reviews the claimant's RFC, age, education and work experiences, and

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI
respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's]
physical or mental ability to do basic work activities."  §§ 1520(c); 920(c).

determines whether the claimant could adjust to other work.  *Id.*   The

claimant bears the burden of proof throughout the first four steps, but the

burden shifts to the Commissioner if the fifth step is reached.  *Preslar v.*

*Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Muscott was not

disabled.  At step one, he determined that she had not engaged in

substantial gainful activity between her alleged onset date of July 1, 2005,

and her date last insured, December 1, 2010.  [R. 11-2, Tr. 38].  At step two

he identified the severe impairments of bipolar disorder and anxiety.  [*Id.*].

At step three, the ALJ concluded that none of Muscott's impairments, either

alone or in combination, met or medically equaled a listed impairment.  [*Id.*,

Tr. 38-40].  In making this determination, the ALJ reasoned that Muscott

suffered from no more than mild limitations in activities of daily living,

moderate limitations in social functioning, and mild restrictions in

maintaining concentration persistence and pace, with no episodes of

decompensation.  [*Id.*].

Next, the ALJ assessed Muscott's residual functional capacity

("RFC"), finding her capable of work at all exertional levels that involved no

interaction with the public and "mild concentration[,] persistence, and pace

limitations (would be off task five percent of the workday)."  [*Id.*, Tr. 40].  At

5

step four, the ALJ concluded that, based on the foregoing RFC, Muscott could return to her past relevant work as an embroidery machine operator, and therefore she was not disabled.  [*Id.*, Tr. 45].

## II.   STANDARD OF REVIEW

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).

Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).  "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

6

With these standards in mind, this Court finds that the ALJ's determination that Muscott is not disabled is supported by substantial evidence.

## III.   ANALYSIS

Muscott argues that the ALJ erred in her application of the treating source rule with respect to the opinion of Dr. Jun Tae Cho, Muscott's psychiatrist.  She further argues that the ALJ's rejection of the only medical opinion of record left her with no valid medical opinion upon which to rely in formulating her RFC and that, as a result, the ALJ "played doctor," in violation of the pertinent regulations and case law.  Finally, she argues that the ALJ's decision should be remanded for consideration of the new evidence first presented to the Appeals Council, under Sentence Six of the Act.  None of Muscott's arguments has merit.

### A.   Treating Source Rule

Muscott argues that the ALJ erred in her evaluation of the opinions of Dr. Cho, a treating physician.  The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence.  *Gentry*, 741 F.3d at 723,

7

727-29; *Rogers*, 486 F.3d at 242-43.  "Even when not controlling, however, the ALJ must consider certain factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability of the physician's conclusions; the specialization of the physician; and any other relevant factors," and give appropriate weight to the opinion.  *Gentry*, 741 F.3d at 723.

Dr. Cho issued two opinions that were identical except that one was dated September 13, 2012 and the other February 18, 2013.  [R. 11-7, Tr. 361, 363].  Both are "To Whom It May Concern" letters stating that Muscott had been under Dr. Cho's psychiatric care since January 16, 2012, when her admission diagnosis was bipolar affective disorder, mixed.  Dr. Cho noted that her symptoms included severe mood swings, depression, euphoria, and a lack of interest or energy.  [*Id.*].  According to Dr. Cho, Muscott's "mood disturbance is sufficiently severe to cause marked impairment in occupational functioning, or in usual social activities or relationships with others"; her condition warranted "continued monthly psychotherapy and medication management until conditions are feasible for remission"; and she was currently responding well to both psychotherapy and medication.  [*Id.*].  The ALJ gave little weight to Dr. Cho's conclusions regarding the severity of Muscott's impairments.  [R. 11-

2, Tr. 43-45].

Muscott argues that the ALJ failed to give good reasons for rejecting Dr. Cho's opinions, but the Court finds that the ALJ's reasoning finds support in the record. The ALJ reasoned in part that Dr. Cho had not started treating Muscott until January 2012, more than two years after her date last insured of December 1, 2010. [R. 11-2, Tr. 36 & 44; R. 11-7, Tr. 369]. That reasoning has merit. *See Siterlet v. Sec'y of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (opinion only "minimally probative" where treating physician began treatment eight months after expiration of claimant's insured status).

The ALJ further noted that, with the exception of the first appointment, Dr. Cho spent only fifteen minutes for each appointment with Muscott and did not record therapy notes or mental status exams, suggesting that the appointments were merely for medication management. [R. 11-2, Tr. 44-45; R. 11-7, Tr. 364-72]. She was permitted to make such a "reasonable inference" from the records. SSR 82-62, 1982 SSR LEXIS 27, at * 9, 1982 WL 31386 (Jan. 1, 1982).

Another meritorious reason for rejecting Dr. Cho's opinions was that his mental status exam of Muscott at her initial appointment resulted in him issuing a GAF score of 65 and indicating that her highest GAF in the past

9

year had been 70.  [R. 11-2, Tr. 45; R. 11-7, Tr. 369-72].  As the ALJ

further noted, nothing in Dr. Cho's notes suggests the kind of severe

limitations he alleges in his opinions, and he gave no indication that

Muscott needed an adjustment of her medications.  [R. 11-2, Tr. 43-45; R.

11-7, Tr. 364-68].

For these reasons, the ALJ committed no reversible error in giving

little weight to Dr. Cho's opinions.

### B.    Medical Basis for RFC

Muscott alleges that because the ALJ gave little weight to Dr. Cho's

opinion, the ALJ had no opinion upon which to base her RFC, effectively

causing her to "[take] on the role of medical expert and translate[ ] the raw

medical data into functional limitations, which was improper."  [R. 16, PgID

449].  The Court disagrees.

The RFC is an administrative determination solely within the province

of the ALJ, who is required to formulate it "based on all of the relevant

medical and other evidence" of record.  20 C.F.R. §§ 404.1545(a);

404.1546(c); *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 439

(6th Cir. 2010) (the ALJ determines an RFC by considering "numerous

factors" including "medical evidence, non-medical evidence, and the

claimant's credibility").  It is true that "an ALJ should resist the temptation to

10

substitute the ALJ's own interpretation of medical records for that of a physician who has examined the records." *Brown v. Comm'r of Soc. Sec.*, 602 Fed. Appx. 328, 331 (6th Cir. 2015). Nonetheless, at the same time, the Sixth Circuit in *Brown* emphasized that the precedent does not "even remotely suggests that an ALJ must, as a matter of law, seek out a physician's medical opinion . . . ." *Id.* Thus, after the ALJ set forth good reasons for rejecting Dr. Cho's opinions, the ALJ did not need to seek out another physician's opinion.

Furthermore, the ALJ did not formulate her RFC in the complete absence of a medical opinion. The regulations state a treating physician's opinion that is not entitled to controlling weight should still be considered and given appropriate weight. *See* SSR 96-2p, 1996 SSR LEXIS 9, at *9-10, 1996 WL 374188 (July 2, 1996); *Martin v. Comm'r of Soc. Sec.*, 170 Fed. Appx. 369, 372 (6th Cir. 2006). The ALJ complied with this regulation by including Dr. Cho's diagnoses and restricting Muscott from working with the public. *See Hammer v. Comm'r of Soc. Sec.*, No. 13-10176, 2014 U.S. Dist. LEXIS 44076, at *7-8 n.1, 2014 WL 1328190 (E.D. Mich. Mar. 31, 2014) (finding that "the ALJ did not stray into the field of medicine" by evaluating treating physician opinion "in light of the record as a whole and determining whether, and to what extent, to incorporate the limitations

11

contained in these statements into the Plaintiff's RFC.").

### C.  Ability to Work with Others

Muscott argues that the ALJ was required to incorporate a limitation based on her allegedly unrebutted testimony that she could not leave her house.  In support, she cites the ALJ's statement that Dr. Cho's mental status exam "indicate[d] adequate functioning for working alone. . . ."  [R. 16, PgID 450 (quoting R. 11-2, Tr. 43)].  However, Muscott reads too much meaning into the truncated sentence she quotes.  The ALJ did not endorse Dr. Cho's findings; to the contrary, she gave Dr. Cho's opinions little weight because they were rendered outside of the disability period at issue, because Dr. Cho conducted only the one mental status examination, and for the other reasons stated above.

Furthermore, the ALJ found Muscott's claims regarding the limiting effects of her impairment less than credible, [R. 11-2, Tr. 42].  The Court must accord that determination "great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Nonetheless, the ALJ's credibility finding must be supported by substantial evidence in the record.  *Id.*  Here, the ALJ's discussion cited Muscott's ability to care for her three young children; her marriage in 2009;

12

her significant interaction with a friend, a sister and husband (from whom she was separated); the lack of evidence in the record to confirm Muscott's longitudinal mental status during the insured period; and the lack of work or medical records to confirm that she could not sustain substantial gainful employment after 2009.  [R. 11-2, Tr. 39, 41-44].  This evidence forms a substantial basis for the ALJ's conclusion that, "[s]ince Claimant does have some mild depression and anxiety, her [RFC] includes a limitation for no contact with the public . . . but otherwise a more restrictive RFC is not supported by her records."  [*Id.*, Tr. 45].

The Court finds that the ALJ properly considered all of the medical and non-medical evidence and generated an RFC based on the credible evidence of record.

### D.   Sentence Six Remand

Muscott petitions the Court to remand this case under Sentence Six of the Act to allow consideration of evidence not before the ALJ. Specifically, Muscott seeks consideration of a letter from her therapist, Robin Sexton and a Mental Impairment Questionnaire completed by Dr. Cho, both dated March 2013, prior to the ALJ's decision in April, but not tendered to the ALJ.  [R. 11-2, Tr. 78-82; R. 11-7, Tr. 374-75].  She also offers mental capacity evaluations completed by both of these providers

13

dated after the ALJ's decision, in July 2013.  [R. 11-2, Tr. 8-14; R. 11-7, Tr. 376-82].  Finally, she offers hospital records from Botsford Hospital from September 2012 through March 2013.  [R. 11-2, Tr. 85-127].

Generally, if the Appeals Council declines to review an ALJ's decision, federal courts cannot consider evidence not presented to the ALJ. *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Sentence Six of the Act permits remand only where a subsequent adjudicator is presented with "*new* evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence in to the record in a prior proceeding." 42 U.S.C. § 405(g) (emphasis added).  Muscott must show that the records in question are "new," as in "not in existence or available to the claimant at the time of the administrative proceeding." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (internal quotation marks and citation omitted).  Evidence is "material" if there is a "reasonable probability" that the ALJ would have reached a different decision if the new evidence were considered. *Id.*  With respect to the "good cause" requirement, the Sixth Circuit "has taken a harder line" and requires a claimant to "give a valid reason for his failure to obtain evidence prior to the hearing." *Oliver*, 804 F.2d at 966.  It is the claimant's burden to demonstrate that remand for consideration of new evidence is warranted. *Foster v. Halter*, 279 F.3d

14

348, 357 (6th Cir. 2002). Muscott has failed to meet her burden.

First, the March 2013 records and the Botsford Hospital records are not new. Muscott argues that they were new in that they were "not added to the record prior to the issuance of the ALJ's decision . . . ." [R. 16, PgID 422]. However, the question at hand is whether the records existed or were *available* to Muscott prior to the hearing, not whether they were added to the record. *Foster,* 279 F.3d at 357 (6th Cir. 2001).

Second, Muscott has not met her burden to show that good cause exists for her failure to tender the proffered records at the prior proceeding. The ALJ gave Muscott's prior attorney additional to submit medical records, but he did not provide any prior to the decision. [R. 11-2, Tr. 44 & 52]. Muscott may have cause to blame her prior counsel for failing to submit the March 2013 records and the Botsford Hospital records, but "[m]istakes by an attorney are not considered to be 'good cause' for purposes of a remand under Sentence Six." *Jackson v. Comm'r of Soc. Sec.*, No. 07-14184, 2009 U.S. Dist. LEXIS 17243, at *10-11, 2009 WL 612343 (E.D. Mich. Mar. 6, 2009) (citing *Cline*, 96 F.3d at 149). The July 2013 evaluations were prepared after the ALJ's decision, but Muscott is required to give a valid reason for not securing them prior to the hearing. *Oliver*, 804 F.2d at 966. She provides no reason, let alone a valid one.

15

Furthermore, the March and July 2013 evaluations were generated to support Muscott's claim of disability rather than for treatment purposes. "[G]ood cause is shown for remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec'y of Health & Human Servs.*, 802 F.2d 458 (unpublished table decision) *reported in full* 1986 U.S. App. LEXIS 17275, at \*5, 1986 WL 17488, at \*2 (6th Cir. 1986). *See also Jackson v. Comm'r of Soc. Sec.*, No. 12-15036, 2014 U.S. Dist. LEXIS 43858, at \*9-10, 2014 WL 1304913 (E.D. Mich. Mar. 31, 2014) (citing *Koulizos*).

Since Muscott has failed to meet her burden of demonstrating that the evidence she proffers is new or that good cause existed for her failure to timely submit them, the Court will not reach the question of whether they would be material.  See *Willis v. Sec'y of Health &Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (declining to reach issues of newness or materiality where good cause standard not met); *see also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007) (denying Sentence Six remand based on failure to show good cause alone).

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Muscott's

Motion for Summary Judgment **[R. 16]** be **DENIED**, the Commissioner's

Motion **[R. 19]** be **GRANTED** and this case be **AFFIRMED**.

> s/Elizabeth A. Stafford
> ELIZABETH A. STAFFORD
> United States Magistrate Judge

Dated: October 29, 2015


## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of*

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"
etc., and **must specify** precisely the provision of this Report and
Recommendation to which it pertains.  Not later than fourteen days after
service of objections, **the non-objecting party must file a response** to
the objections, specifically addressing each issue raised in the objections in
the same order and labeled as "Response to Objection #1," "Response to
Objection #2," etc.  The response must be **concise and proportionate in
length and complexity to the objections**, but there is otherwise no page
limitation.  If the Court determines that any objections are without merit, it
may rule without awaiting the response.


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served
upon counsel of record and any unrepresented parties via the Court's ECF
System to their respective email or First Class U.S. mail addresses
disclosed on the Notice of Electronic Filing on October 29, 2015.

<div style="margin-left:40%;">

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

</div>