**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RACHEL M. MUSCOTT,

      Plaintiff,

v.                                                                         CASE NO. 14-13890

COMMISSIONER OF                              DISTRICT JUDGE NANCY G. EDMUNDS
SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION [22]; ADOPTING THE REPORT AND**
**RECOMMENDATION [21]; DENYING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT [16]; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**[19] AND AFFIRMING THE COMMISSIONER'S DECISION**

This matter is before the Court on Plaintiff's objections to the magistrate judge's

report and recommendation. (Docket nos. 21, 22, 23.) Having conducted a *de novo* review

of the parts of the magistrate judge's report and recommendation to which objections have

been filed pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth therein and

below, the Court denies Plaintiff's objections, adopts the magistrate judge's report and

recommendation, denies Plaintiff's motion for summary judgment and grants Defendant

Commissioner of Social Security's motion for summary judgment, affirming the

Commissioner's decision in accordance with 42 U.S.C. § 405(g).

The magistrate judge entered a report and recommendation on October 29, 2015,

recommending denying Plaintiff's motion for summary judgment. (Dkt. no. 21.) Plaintiff filed

objections to the report and recommendation on November 12, 2015, and Defendant filed

its response to the objections on November 17, 2015. (Dkt. nos. 22, 23.)

The Court has reviewed the record. The administrative law judge's ("ALJ") findings and the pertinent portions of the administrative record are accurately and adequately set forth in the magistrate judge's report and recommendation, as is the procedural history, and the Court adopts them here. (Report and Recommendation, dkt. no. 21.)

## I.    Standard of Review

Where a party has properly objected to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).   Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "more than a scintilla . . . but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)(quoting *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence or decide questions of credibility*. See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994)(citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## II.     Analysis

Plaintiff has two areas of objections to the magistrate judge's report and recommendation. First, Plaintiff "objects to the magistrate judge's proposed holding that the ALJ properly formulated an RFC finding." (Pl.'s Objections 1.) Second, Plaintiff "objects to the magistrate judge's proposed holding that the ALJ properly evaluated the opinion of the treating physician." (Pl.'s Objections 4.) The Court has reviewed the pleadings, including the ALJ's determination, the record, the magistrate judge's report and recommendation and the objections and response. The Court agrees with the magistrate judge.

### A.      The ALJ Properly Considered The Treating Psychiatrist's Evidence

The ALJ's decision evidences that he considered Jun T. Cho, M.D., psychiatrist's notes and records. (Tr. 39, 43, 44, 45.) Dr. Cho provided two opinion letters, containing the same information, and dated September 13, 2012, and February 18, 2013. (Tr. 361, 363.) Plaintiff appears to argue that in considering Dr. Cho's opinion(s), the ALJ and the magistrate judge have relied upon a mistake of fact in noting with respect to Dr. Cho's records that there were "no therapy records except from the initial visit." (Pl.'s Objections

3

4; Tr. 45.) Plaintiff cites page 45 of the transcript and page 9 of the report and recommendation to support her argument that the weight given Dr. Cho's opinion is based upon this error.

Perhaps the ALJ's language was inexpedient in attempting to categorize Dr. Cho's notes, yet as the magistrate judge pointed out, the decision shows that the ALJ considered all of Dr. Cho's records, and Plaintiff has failed to identify any specific limitation(s) from Dr. Cho's records which was not considered by the ALJ, including Dr. Cho's Initial Psychiatric Evaluation, dated January 16, 2012. (Tr. 369-72.) The ALJ correctly noted that Dr. Cho spends 15 minutes with Plaintiff at each appointment; this is supported by the times given in the handwritten notes. (Tr. 44, 364-68.)  The ALJ correctly pointed out that the records, be they called "treating records," notes, or "records provided regarding psychiatric issues . . . from Dr. Cho," contained medication management or "check[s]". (Tr. 39, 44, 45.) Despite the ALJ's comment that Dr. Cho "essentially is only doing a medication check," the rest of the ALJ's decision evidences that she considered Dr. Cho's written treatment notes, used Dr. Cho's observations and notations to support her findings, and properly attributed this treatment evidence to Dr. Cho. (Tr. 39, 43, 44, 45.)

The ALJ did not err in finding that the records did not support Dr. Cho's two opinion letters; nor did the records explain the kinds of limitations that would result from the opined "marked impairment in occupational functioning, or in usual social activities or relationships with others." (Tr. 45, 363, 364-368.) The records predominately record medications and reactions to same and contain notes about symptoms and Plaintiff's self reports, for example "getting lots of anxiety" (January 12, 2013), "still being bothered by (anxiety)" (May, 26, 2012), and notes regarding whether or not sleep was a problem, whether she

was eating "ok", and with whom she was living at the time (for example, the number of children, and/or a "friend"). (Tr. 364-68.)

Plaintiff argues that the ALJ failed to consider the regulatory factors required under 20 C.F.R. § 404.1527 to weigh Dr. Cho's opinions and that the magistrate judge failed to address this deficiency. The magistrate judge specifically addressed this allegation in her analysis under the treating physician rule. The regulatory factors to be considered when the ALJ does not give the treating source's opinion controlling weight include length of the treating relationship and frequency of examination, the nature and extent of the treatment relationship, including kinds and extent of examinations and any testing that has been performed, the supportability of an opinion, including medical signs and laboratory findings, and explanations, the consistency of the opinion with the record as a whole, specialization of the source of the opinion, and any other factors "which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c). As the magistrate judge pointed out, the ALJ considered the kind and extent of examination, and noted the lack of explanatory therapy notes that would have supported or explained the opinion, as well as noting medication management that was evident from both the notes and the opinions. (Tr. 44-45, Report and Recommendation 8-10.) The ALJ specifically pointed out where treating notes did not include "objective support for panic attacks nor difficulty with memory, [or] concentration," other than by Plaintiff's subjective complaints. (Tr. 39, 371-72.)

The magistrate judge also correctly pointed out the ALJ's notation that Dr. Cho did not start treating Plaintiff until January 16, 2012. (Tr. 44, 361.) The onset of this treatment relationship post-dates Plaintiff's date last insured by more than a year. "[E]vidence of medical condition(s) after insurance cutoff must be considered to the extent it illuminates

claimant's health before that date." *Higgs v. Bowen*, 880 F.2d 860, 863 (citations omitted).

The ALJ correctly considered Dr. Cho's evidence to the extent it was relevant to the time

period at issue in this case. It is worth noting that neither of Dr. Cho's opinions indicate that

they relate to the period prior to Plaintiff's date last insured. The ALJ properly considered

Dr. Cho's evidence to the extent that it shed light on the extent of Plaintiff's impairments

during the relevant time period and provided reasons for the weight given Dr. Cho's

opinions, including pointing out where there was a lack of support in the record for the

opinions. (Tr. 45.)

To the extent Plaintiff objects to the inclusion of the GAF in the ALJ's decision, this

was but one of many factors the ALJ considered and it was not in error. *See generally,*

*Kornecky v. Comm'r Soc. Sec.,* 167 Fed. Appx. 496, 503 n.7 (6th Cir. 2006) ("A GAF score

may help an ALJ assess mental RFC, but it is not raw medical data. Rather, it allows a

mental health professional to turn medical signs and symptoms into a general assessment,

understandable by a lay person, of an individual's mental functioning."); *compare Kennedy*

*v. Astrue,* 247 Fed. Appx. 761, 766 (6th Cir. 2007) (criticizing the ALJ's use of GAF scores

where the ALJ relied on an increase from a GAF of 55 to a GAF of 60 (scores "in the same

range") to find improvement in mental functioning and did not otherwise "compare" her

abilities or limitations to those at the time of initial determination).

Contrary to Plaintiff's argument, the magistrate judge did not err in finding that ""[a]s

the ALJ further noted, nothing in Dr. Cho's notes suggests the kind of severe limitations he

alleges in his opinions, . . . ." (Report and Recommendation 10, 45.) The magistrate judge

correctly noted that the ALJ gave several reasons for discounting Dr. Cho's opinion and the

lack of support in the treatment notes was but one of those reasons. This is not a case

where the ALJ is making inferences based on silence in the record. *See e.g.,* Plaintiff's reliance on *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). In support of the ALJ's finding that the doctor's records do not support the severity of his opinions, the ALJ noted not only that the treating psychiatrist's notes do not show such limitations, but also cited evidence where the doctor found no limitation. The mental status evaluation from the initial psychiatric evaluation wherein the doctor reported that Plaintiff's judgment and insight, memory and concentration were intact, supports the ALJ's finding that there were "no limitations noted regarding her cognition, memory, thought process, judgment, concentration, . . . ." (Tr. 43, 369-72.)  The ALJ properly considered the supportability of Dr. Cho's opinion as one of several factors.

Similarly, the ALJ did not err in noting that Dr. Cho's notes give no indication of a need for medication adjustment at the time of his treatment. In both the September 2012 opinion and the February 2013 opinion the same medication regime was reported, and the records consistently noted that Plaintiff was having no adverse reactions to the medications. (Tr. 43-45, 363-368.) The magistrate judge did not err in recommending that the ALJ gave good reasons for her consideration of Dr. Cho's opinion and that her findings were supported by substantial evidence.

### B.    The RFC Is Supported By Substantial Evidence

Plaintiff objects that the magistrate judge erred in finding that the ALJ's residual functional capacity (RFC) was supported by substantial evidence. Plaintiff argues that the ALJ substituted her own interpretation of the medical records for that of a physician. The magistrate judge correctly pointed out that it is the ALJ's responsibility to assess the RFC, while noting that the ALJ should not substitute her own interpretation of the medical records

for that of a physician. *See* 20 C.F.R. §§ 404.1545(a), .1546(c); *Brown v. Comm'r of Soc. Sec.*, 602 Fed. Appx. 328, 331 (6th Cir. 2015). Dr. Cho did not give specific limitations on either working with the public or co-workers. He opined that her mood disturbance was "sufficiently severe to cause marked impairment in occupational functioning, *or* in the usual social activities or relationships with others." (Tr. 363 (emphasis added).) Despite the ALJ's statement that the mental status evaluation "would indicate adequate functioning for working alone," this was not one of Dr. Cho's conclusions or limitations. (Tr. 43.) In concluding that Plaintiff was without cognitive impairments in completing work, the ALJ relied on the doctor's observations that thought process, memory, concentration, judgment and insight remained intact. (Tr. 39, 371.)  In assessing the RFC, the ALJ is to take into account all the relevant evidence in the record. *See* 20 C.F.R. § 404.1545(a)(1). In further assessing the RFC, the ALJ also pointed out inconsistencies within the record and testimony as to the extent to which Plaintiff reported engaging with others and relied upon Plaintiff's significant interaction with a friend, as well as interactions with a sister and a husband from whom she was separated. (Tr. 39, 41-42.) The limitation to working with the public addresses Plaintiff's limitations in social functioning.

Finally, the magistrate judge correctly pointed out that the ALJ did not formulate the RFC in the absence of a medical opinion. The ALJ properly explained the weight given the opinion and relied on evidence from throughout the record, including Dr. Cho's evaluation, in formulating the RFC. *See generally Brown v. Comm'r of Soc. Sec.*, 602 Fed. Appx. (6th Cir. 2015) (". . . none of these cases even remotely suggests that an ALJ must, as a matter of law, seek out a physician's medical opinion where one is not offered. The district judge therefore did not err in rejecting the magistrate judge's determination that such a rule

8

required the reversal of the Commissioner's decision regarding [the plaintiff's] application for benefits."). In the instant case the ALJ had the benefit of a medical opinion and provided explanations for her decision not to give it controlling weight. The magistrate judge properly addressed these issues in her report and recommendation and the ALJ's findings were supported by substantial evidence.

## III.   Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Objections (dkt. no. 22), ADOPTS the Magistrate Judge's Report and Recommendation (dkt. no. 21), DENIES Plaintiff's Motion for Summary Judgment (dkt. no. 16), GRANTS Defendant's Motion for Summary Judgment (dkt. no. 19) and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 2, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 2, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager

9